IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRIS EUGENE JONES, #1079109, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-1828-N (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be dismissed.

**I.  BACKGROUND**

In 2002, Petitioner entered a plea of nolo contendere to aggravated sexual assault of a child under the age of fourteen, and was sentenced to 18 years' imprisonment. *State v. Jones*, No. F00-02228-KV (292nd Judicial District Court, Dallas County, Jan. 4, 2002), *aff'd*, *Jones v. State*, No. 05-02-00228-CR (Tex. App. – Dallas, Dec. 17, 2002, no pet.). On June 3, 2009, he filed a state habeas application requesting an out-of-time petition for discretionary review (PDR) because he was "learning disabled" and did not understand PDR procedures. (Doc. 2 at 3-4.) The state application remains pending in the convicting court. *Id.*[1]

---

[1] The state court record, provided by Respondent, does not include a copy of the state habeas application. Dallas County online records, however, reflect the State filed a response on June 18, 2009, and the trial court issued an order designating issues on July 2, 2009.

On July 29, 2011, Petitioner filed this federal petition requesting the Court to grant him an out-of-time PDR because he is learning disabled and counsel and the court of appeals "misled him." (Doc. 2 at 6, 9.) Respondent asserts the petition should be dismissed with prejudice because Petitioner does not have a federal constitutional right to an out-of-time PDR, and the Court cannot grant relief for rights existing only under state law. (Doc. 12 at 3.) Alternatively, insofar as Petitioner seeks to challenge his underlying conviction, Respondent contends the petition should be dismissed as unexhausted and time barred. *Id.* at 4-8. Petitioner replies that he is challenging only the direct appeal process, not his underlying criminal conviction, and that exhaustion should be excused because of the trial court's inordinate delay in ruling on his state application. (Doc. 17 at 2.)

## II.  ANALYSIS

While unjustifiable delay in processing a state habeas application can be grounds for excusing a petitioner from exhausting state remedies, *see Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *McMullin v. Thaler*, 2010 WL 2606320, 3 (S.D. Tex. 2010) (summarizing cases), that is not the issue confronting this Court. The sole issue here is whether the federal writ is available as a remedy when no federal right is implicated.

A federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Wilson v. Corcoran*, ___ U.S. ___, 131 S. Ct. 13, 16 (2010) (*per curiam*) (federal habeas corpus relief does not lie for errors of state law); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (federal habeas relief is available only for the vindication of rights existing under federal law).

Here, Petitioner cannot establish that he has a federal constitutional right to an out-of-time PDR in state court, or that this Court even has the authority to grant his request. His *Memorandum In Support* (Doc. 3) is silent as to any federal constitutional basis for requesting an out-of-time PDR. Indeed, Texas state law is the sole basis for discretionary appeals to the Texas Court of Criminal Appeals, and an out-of-time PDR is available only based on interpretations of state law. *See* Tex. R. App. P. 68.2(a)*; Ex parte Wilson,* 956 S.W.2d 25, 26-28 (Tex. Crim. App. 1997).

In his *Traverse*, Petitioner relies on *Evitts v. Lucey*, 469 U.S. 387 (1985), and *Lombard v. Lynaugh*, 868 F.2d 1475 (5th Cir. 1989), claiming "that when a defendant is authorized a direct appeal by statute, Fourteenth Amendment due process attaches to that direct appeal." (Doc. 17 at 1.) *Evitts* held that state prisoners are entitled to the effective assistance of counsel on a first appeal as of right. 469 U.S. at 396-97; *see also Lombard*, 868 F.2d at 1484 (relying on *Evitts* to grant habeas relief where state prisoner had been denied the effective assistance of counsel on appeal). However, the constitutionally-secured right to counsel on appeal ends when the appellate court enters its decision. *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002) (citing *Ross v. Moffitt*, 417 U.S. 600, 619 (1974)). While Texas law requires appellate counsel to notify his client that his conviction has been affirmed and that he can pursue discretionary review on his own, *see Ex parte Wilson,* 956 S.W.2d at 27-28, such duty is not based on a federal right. *See Moore*, 313 F.3d at 881-82 (holding that appellate counsel's failure to timely notify defendant of outcome of his direct appeal could not amount to constitutionally ineffective assistance of counsel). Therefore, because Petitioner does not seek relief based on a right

existing under federal law, his federal petition is not cognizable under section 2254(a).[2]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED**.

SIGNED February 27, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Moore* declined to rely on *Shiloh-Bryant v. Director, TDCJ-ID*, 104 F. Supp.2d 696, 699 (E.D. Tex. 2000), which held, based on *Ex parte Wilson*, that because state prisoner's attorney did not fulfill his state-law obligation to notify his client of the outcome of his direct appeal, or advise him of his right to file a PDR, the prisoner's federal constitutional right to effective assistance of counsel on direct appeal was violated.  313 F.3d at 882 and n.7.